a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNNIE E. BANKS #17117-084, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01043 SEC P |
| VERSUS | JUDGE JOSEPH |
| USA, ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 7) filed by *pro se* Petitioner Johnnie E. Banks ("Banks"). Banks is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Thompson, Illinois. ECF No. 5. At the time of filing, he was incarcerated at the Federal Correctional Institution in Pollock, Louisiana. ECF No. 1-3. Banks challenges the constitutionality of his conviction and sentence.

Because Banks's Petition is duplicative, and because Banks cannot satisfy the requirements of the savings clause of 28 U.S.C. § 2255, the Petition (ECF No. 8) should be DISMISSED for lack of jurisdiction.

I. **Background**

Banks was charged with knowingly conspiring to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count One); knowingly distributing and possessing with intent to distribute

1

28 grams or more of cocaine base, in violation of §§ 841(a)(1) and (b)(1)(B) (Count Two); knowingly distributing 28 grams or more of cocaine base, in violation of §§ 841(a)(1) and (b)(1)(B) (Count Three); and knowingly distributing or possessing with intent to distribute a quantity of cocaine hydrochloride, in violation of §§ 841(a)(1) and (b)(1)(C) (Count Five). *See* 3:13-cr-00003 (W.D. Va.), ECF No. 66.

Banks pleaded guilty to Count Two. *Id.* at ECF Nos. 78, 80. The district court imposed a total sentence of 188 months of imprisonment. *See* 3:13-cr-00003 (W.D. Va.), ECF No. 111. Banks did not file a direct appeal.

Banks filed a motion to vacate under 28 U.S.C. § 2255, which was denied. *Id.* at ECF No. 125. The United States Court of Appeals for the Fourth Circuit granted authorization to file a second or successive § 2255 motion. *Id.* at ECF No. 132. The new motion was also denied and dismissed. *Id.* at ECF No. 139.

Banks filed numerous *pro se* pleadings in the sentencing court, as well as a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) by counsel, which is still pending. *Id.* at ECF No. 189.

Banks previously filed a § 2241 petition in the United States District Court for the Northern District of West Virginia alleging that his prior conviction for burglary no longer qualifies as a predicate conviction for a career offender enhancement. 5:19-CV-0189 (N.D. W. Va.), ECF No. 11. The court found that Banks could not meet the requirements of the savings clause of § 2255. *Id.* at ECF No. 14.

Banks filed a § 2241 petition in this Court, Docket No. 1:20-CV-00900, alleging that his § 841 conviction is unconstitutional under *United States v. Davis*, 139 S.Ct.

2

2319 (2019). The undersigned has recommended that the petition in that case be dismissed for lack of jurisdiction. The Petition in this case is based on the same claim as the prior petition, and should also be dismissed.

II.   **Law and Analysis**

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381

3

(5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Banks claims that he qualifies for application of the savings clause under *Davis,* 139 S.Ct. at 2319, which held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional. In *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019), the Fifth Circuit subsequently found that *Davis* is retroactively applicable to

4

cases on collateral review. However, *Davis* did not decriminalize the conduct for which Banks was convicted. Banks was convicted and sentence 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), not 18 U.S.C. § 924(c)(3)(B). Therefore, *Davis* has no bearing upon Banks's conviction and sentence.

### III.   Conclusion

Because Banks cannot meet the requirements of the savings clause, his Petition (ECF No. 7), which is duplicative of the petition in 1:20-CV-00990, should be DISMSSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Banks's claim.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[1] *Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

SIGNED on Tuesday, January 26, 2021.

                                                  JOSEPH H.L. PEREZ-MONTES
                                                  UNITED STATES MAGISTRATE JUDGE